UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| WILLIE C. McGHEE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-333 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| LT. MICHAEL McCALL, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

This is a civil action brought by a *pro se* plaintiff against a lieutenant and other unnamed officers of the Kalamazoo Department of Public Safety. Plaintiff's complaint alleges that officers of the City of Kalamazoo have insisted that plaintiff have a driver's license and current license plate tags as a prerequisite to driving on the streets of the State of Michigan, in violation of plaintiff's federal constitutional right to travel. Plaintiff alleges that a driver's license and license plate tags are only necessary when a person is using the roads for purposes of commerce and that, as a "national citizen" of the United States, plaintiff has the right to travel on the roads of the state unencumbered by state licensing laws. Plaintiff seeks an award of damages for relief.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be

dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325

In deciding whether the complaint states a claim, the court applies the standards applicable to Rule 12(b)(6) motions. The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court need not accept as true legal conclusions or unwarranted factual inferences. *DirecTV*, 487 F.3d at 476. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

**Discussion**

Plaintiff challenges the laws of the State of Michigan requiring a driver's license and valid license plate tags as an abridgement of his constitutional right to travel. The Supreme Court has identified the right to interstate travel as a fundamental right of United States citizenship, protected from abridgement by the states. *See Saenz v. Roe*, 526 U.S. 489, 500-01 (1999). The Supreme Court has long held, however, that the states have the power to regulate the use of motor vehicles on their highways. *See, e.g., Kane v. New Jersey*, 242 U.S. 160 (1916). Therefore, state-created burdens placed on travel generally and in a nondiscriminatory fashion, such as gasoline taxes, licensing requirements, and tolls do not constitute a violation of the right to travel, as they only place a negligible burden on commerce. *See Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999); *Kansas v. United States*, 16 F.3d 436, 442 (D.C. Cir. 1994). Furthermore, the federal courts unanimously hold that there is no fundamental right to drive a motor vehicle. *See Duncan v. Cone*, No. 00-5705, 2000 WL 1828089 at * 2 (6th Cir. Dec. 7, 2000) ("While a fundamental right to travel exists, there is no fundamental right to drive a motor vehicle.") (citing *Miller*, 176 F.3d at 1205-06).

Consequently, plaintiff's civil action is premised on an inarguable legal conclusion. Plaintiff asserts that the Kalamazoo Department of Public Safety has insisted on his compliance with state driver's license and vehicle licensing laws as a condition to plaintiff's ability to operate a motor vehicle on the roads of this state. Plaintiff asserts that defendants have thereby violated his constitutional right to travel, but this contention is untenable. State driver's license laws impose only an "incidental and negligible" burden on the exercise of right to travel, a burden insufficient to implicate denial of the right. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 535 (6th Cir. 2007). There is simply no fundamental right to drive a motor vehicle. *Id.* at 534.

Consequently, the federal courts uniformly reject suits by plaintiffs who seek vindication of their nonexistent "right" to operate motor vehicles without complying with state licensing laws. *See, e.g., Matthew v. Honish*, 233 F. App'x 563, 564 (7th Cir. 2007); *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1477 (9th Cir. 1993); *Aziza El v. City of Southfield*, No. 09-11569, 2010 WL 1063825, at * 5 (E.D. Mich. Mar. 22, 2010); *Nevada v. Matlean*, No. 3:08-cv-505, 2009 WL 1810759, at * 2 (D. Nev. June 24, 2009); *John Doe No. 1 v. Georgia Dep't of Pub. Safety*, 147 F. Supp. 2d 1369, 1375 (N.D. Ga. 2001); *Kaltenbach v. Breaux*, 690 F. Supp. 1551, 1553-55 (W.D. La. 1988). As the court summarized the rule in the *John Doe* case:

> A legal resident of Georgia does not have a constitutional right to a driver's license. Regulation of the driving privilege is a quintessential example of the exercise of the police power of the state, and the denial of a single mode of transportation does not rise to the level of a violation of the fundamental right to interstate travel.

147 F. Supp. 2d at 1375.

Plaintiff's complaint fails to state a claim upon which relief can be granted. I therefore recommend that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2).


Dated: April 19, 2010                    /s/ Joseph G. Scoville
                                         United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).